## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Docket no. 08-CR-209-P-S |
| JASON THOMPSON, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON MOTION FOR PERMISSION TO PLEAD GUILTY *PRO SE***

Before the Court is Defendant's Motion for Permission to Plead Guilty *Pro Se* (Docket # 11). The Government indicates it has no objection to the Motion. Nonetheless, the Court DENIES the Motion and provides a brief explanation for its ruling.

The Defendant's Motion recounts the procedural history of this matter. The matter was set for a waiver of indictment and change of plea hearing — first on December 4, 2008 and, again, on January 9, 2009. On both occasions, Mr. Thompson appeared for Court with his retained counsel, Bruce Merrill. Neither of those hearings resulted in this Court accepting the Defendant's waiver and change of plea. Rather, Mr. Thompson and Mr. Merrill have remained steadfast in their refusal to have Mr. Merrill answer the following question: "Are you satisfied that the Defendant has pleaded guilty because he is actually guilty?" At the most recent hearing, Mr. Thompson confirmed in open court that he would not waive attorney-client privilege for the purposes of allowing his attorney to answer this question from the Court.

Now, Mr. Merrill and Mr. Thompson seek to avoid this question entirely by having Mr. Thompson represent himself at the waiver of indictment and change of plea hearing. Notably,

Mr. Merrill has not filed any request to withdraw. Thus, the Court construes the Motion as requesting permission to proceed by way of hybrid representation with Mr. Merrill continuing to represent Mr. Thompson at sentencing and all other stages of the proceeding.

"A defendant has a right to be represented by counsel, Gideon v. Wainwright, 372 U.S. 335, 344-45 (1963), or to proceed *pro se,* Faretta v. California, 422 U.S. 806, 819-20 (1975), but does not have the right to 'hybrid representation.'" United States v. Campbell, 61 F.3d 976, 981 (1st Cir. 1995) (citing McKaskle v. Wiggins, 465 U.S. 168, 183 (1984)). As a result, the First Circuit has repeatedly held that "district courts have 'discretion to deny hybrid representation outright.'" United States v. Washington, 434 F.3d 7, 16 (1st Cir. 2006) (quoting United States v. Nivica, 887 F.2d 1110, 1121 (1st Cir. 1989)). While the First Circuit also has given district courts the discretion to allow hybrid representation, it has cautioned that the process should be used "sparingly." Nivica, 887 F.2d at 1121; see also United States v. Chavin, 316 F.3d 666, 672 (7th Cir. 2002) (describing hybrid representation as "disfavored"). Indeed, the Court has found no case allowing hybrid representation in a situation similar to the one now presented and Defendant's Motion cites no precedent for the procedure he now seeks permission to employ. In fact, the proposed Information and Plea Agreement in this case are clearly the result of Mr. Merrill's representation and not the product of Mr. Thompson, who is not an attorney, representing himself in negotiations with the United States Attorney's Office.

The sole reason given for wanting to proceed *pro se* is Attorney Merrill's assertion that his representation of Mr. Thompson "appears to be the stumbling block that is precluding" the Court from accepting the plea. (Def.'s Mot. (Docket # 11) at 2.) In fact, the "stumbling block" that has prevented the Court from accepting the plea is Mr. Thompson and Mr. Merrill's unwillingness to answer the Court's standard plea colloquy questions, which allow the Court to

adequately determine that Mr. Thompson's plea is truly voluntary and not the result of any improper force, threat or promise.  See Fed. R. Crim. P. 11(b)(2).

A defendant "does not have an absolute right to plead guilty."  United States v. Skerret-Ortega, 529 F.3d 33, 37 (1st Cir. 2008) (citing Santobello v. New York, 404 U.S. 257, 262 (1971)).  Given the entire procedural history of this matter, allowing Mr. Thompson to now proceed to plead guilty *pro se* under a plea agreement that was, in fact, negotiated by counsel would be a charade and, for that reason, an improper use of hybrid representation.  Therefore, the Court exercises its discretion to DENY Defendant's Motion (Docket # 11).

SO ORDERED.

      /s/ George Z. Singal
      United States District Judge

Dated this 29th day of January, 2009.